**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Vincent CATERINO, Defendant–Appellant.**

**No. 93–50184.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 1994[*].

Decided July 14, 1994.

---

2. The subsequent amendments to Rule 11 do not affect the viability of these cases.

[*] The panel unanimously found this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

1392

David W. Wiechert, Layman, Jones & Dye, Irvine, CA, for defendant-appellant.

Ronald L. Cheng, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.

PREGERSON, Circuit Judge:

## I. BACKGROUND

On March 18, 1989 a jury convicted appellant, Vincent Caterino, of twenty-two counts of conspiracy, mail fraud, and wire fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1343. He appeals his sentence, imposed by the district court after we remanded his case for resentencing. We have jurisdiction under 18 U.S.C. § 3742.

Mr. Caterino's convictions arose out of a scheme whereby he· and others operating a company called Marco Numismatics, Inc. ("Marco"), conspired to fraudulently induce more than 500 customers to invest in nearly worthless coins. Thirteen of the twenty-two counts of which Caterino was convicted arose from conduct occurring before November 1, 1987, the effective date of the Sentencing Guidelines.

After the jury returned its verdict, the district court sentenced Caterino for offenses committed before and after the Sentencing Guidelines became effective. For each of the pre-Guidelines offenses it imposed a five-year prison term, to be served concurrently with the other pre-Guidelines sentences. For each of the Guidelines offenses, it imposed a 97–month term, to be served concurrently with the other Guidelines sentences. The pre-Guidelines sentences were set to run consecutively to the sentences imposed under the Guidelines.

On appeal we affirmed the convictions but remanded for resentencing because the district court had erroneously added a multiple vulnerable victim adjustment to Caterino's offense level under the Guidelines. *See United States v. Caterino*, 957 F.2d 681, 684 (9th Cir.) ("*Caterino*"), *cert. denied,* —— U.S. ——, 113 S.Ct. 129, 121 L.Ed.2d 83 (1992). In a separate unpublished memorandum disposition, we rejected Caterino's argument that the district court erred when it provided for consecutive pre- and post-Guidelines sentences without first apportioning the investor losses due to offenses committed before and after the Guidelines took effect. 1992 WL 33347, No. 90–50049 (9th Cir. 2/21/92) ("*Caterino (Mem.Disp.)*"). We found that Caterino had waived his right to challenge the district court on this issue by agreeing to a sentence level, under the Guidelines, that specifically took the uncertainty of loss into account.

On remand, the district court reduced Caterino's total sentence for offenses committed after the effective date of the Guidelines from 97 months to 78 months. But the district court restructured the sentences on these Guidelines counts as follows: whereas it had previously imposed identical 97–month sentences to be served concurrently on all Guidelines counts, it now imposed a single 18–month sentence on one of the counts, and 60–month sentences on each of the remaining counts, to be run concurrently. The district court directed that Caterino serve the 18–month sentence consecutively to the 60–month sentences, for a total Guidelines sentence of 78 months. In addition, the district court re-imposed the 5–year sentence for the pre-Guidelines offenses, and again provided that the pre-Guidelines and post-Guidelines sentences were to run consecutively.

## II. APPORTIONMENT OF PRE– AND POST–GUIDELINES LOSSES (*NIVEN* CLAIM)

Mr. Caterino first contends that the district court should not have provided for

consecutive pre-Guidelines and post-Guidelines sentences without first apportioning the investor losses due to offenses committed before and after the Guidelines took effect. He argues that the district court's failure to apportion the losses conflicts with *United States v. Niven*, 952 F.2d 289 (9th Cir.1991). We review de novo the legality of a sentence. *U.S. v. Mullins*, 992 F.2d 1472, 1478 (9th Cir.), *cert. denied* —— U.S. ——, 114 S.Ct. 556, 126 L.Ed.2d 457 (1993). In particular, where, as here, the facts are undisputed, we review de novo whether a resentencing violates the Double Jeopardy Clause. *United States v. Kinsey*, 994 F.2d 699, 702 (9th Cir.1993).

In *Niven*, we held that it was a violation of the Double Jeopardy Clause for a district court to count the *same* loss inflicted by the defendant *both* when determining a pre-Guidelines sentence and *again* when calculating a Guidelines sentence, and then to impose the two sentences consecutively to each other. *Niven*, 952 F.2d at 293–94. Caterino argues that Rule 35 and the remand order obligated the district court to examine the merits of his *Niven* claim on resentencing after remand. We find first, that the district court was not limited to addressing the specific issue that led to the remand, and that in particular it was not barred from addressing Caterino's *Niven* claim. Second, we find that Caterino's sentence was inconsistent with *Niven*, and we therefore remand for resentencing.

## A. Procedural hurdles.

"A district court does not have inherent power to resentence defendants at any time." *United States v. Lewis*, 862 F.2d 748, 750 (9th Cir.1988) (quotation omitted), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1169, 103 L.Ed.2d 227 (1989). The authority to change a sentence must derive from some federal statutory authority, most commonly Rule 35 of the Federal Rules of Criminal Procedure ("FRCrP"). *Id.* There are two theories under which Rule 35 authorized the district court to exercise authority to examine the

merits of Caterino's *Niven* claim. First, the district court had authority to correct an illegal sentence on remand from this court. *See* F.R.Cr.P. 35(a). Second, the district court also had inherent authority to do so under the versions of Rule 35 applicable to this case.[1] Despite this authority, the district court declined to rule on the merits of the *Niven* claim because it thought that the law of the case precluded it from doing so. We address each of these procedural issues in turn.

(1) Scope of remand:

■ The general rule is that a district court on remand may take any matter into account and may hear any evidence relevant to sentencing. *See United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir.1992); *United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir.) (resentencing on remand is de novo), *cert. denied*, —— U.S. ——, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991). We have limited this general rule to preclude consideration of post-sentencing conduct, as well as conduct beyond the scope of a limited remand. *See United States v. Gomez–Padilla*, 972 F.2d 284, 285–86 (9th Cir.1992) (affirming failure of district court to weigh post-sentencing conduct at resentencing); *see also Lewis*, 862 F.2d at 750 (district court lacked "inherent power" or authority under F.R.Cr.P. 35 to resentence on counts other than those remanded).

■ In the case at bar, post-sentencing conduct is not at issue. The only point of contention is whether the district court's authority was abridged by any express or implied limits in the remand order. The relevant portion of *Caterino* provided as follows: "[T]he district court erred by adding multiple vulnerable victim adjustments to Appellant['s] offense level under the Guidelines. We therefore VACATE ... Caterino['s] sentence[ ] and REMAND for resentencing." *Caterino*, 957 F.2d at 684.

This remand order did not *expressly* limit the district court to correcting the vulnerable victim adjustment. The only question was

---

1. District courts also have habeas authority to correct erroneous sentences under 28 U.S.C. § 2255. This authority is not at issue here because Mr. Caterino has not filed a § 2255 petition.

whether there was any *implied* limitation, given that no other error was deemed sufficient to warrant a remand. Such a reading might seem plausible because the *Niven* claim was expressly rejected by the court in *Caterino (Mem.Disp.)*, albeit on procedural grounds. But neither Caterino, the government, nor the district court has adopted such a limited interpretation of the remand order. Rather, everyone has interpreted the order broadly enough to authorize a de novo review of the sentencing factors. Moreover, a narrow reading of the remand order would be inconsistent with our general practice after *United States v. Jenkins*, 884 F.2d 433, 441 (9th Cir.), *cert. denied*, 493 U.S. 1005, 110 S.Ct. 568, 107 L.Ed.2d 562 (1989), which is to vacate the *entire sentence* and remand for resentencing whenever we find that a sentence was imposed in excess of the sentencing court's authority. *United States v. Blue Mountain Bottling Co.*, 929 F.2d 526, 529–30 (9th Cir.1991). Accordingly, we presume that this general practice was followed unless there is clear evidence to the contrary. Because no such clear evidence exists here, the *Caterino* decision should be read as granting a general rather than limited remand to the district court.

(2) Inherent authority under Rule 35:

■ In addition, the district court had inherent authority to correct an illegal sentence under the old version of F.R.Cr.P. 35. For offenses committed before the Guidelines became effective, a district court was empowered to correct an illegal sentence at any time. *United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir.1988). For offenses committed after the effective date, district courts maintained their authority to correct illegal sentences, but only until the expiration of the time for appeal. *See United States v. Cook*, 890 F.2d 672, 674 (4th Cir.1989) (district court retained power to correct obvious mistakes after passage of the Sentencing Reform Act); *United States v. Rico*, 902 F.2d 1065, 1066–67 (2nd Cir.) (same), *cert. denied*, 498 U.S. 943, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990); *see also* F.R.Cr.P. 35 Notes on 1991 Amendment (the 1991 amendment codified *Cook* and *Rico* but provided a more stringent time requirement). Because the time for appeal had expired by the time of resentencing, the district court would not have had authority to modify the *Guidelines* sentences. But it could have modified the *pre-Guidelines* sentences to run concurrently with the Guidelines offenses.

(3) The "law of the case" doctrine:

The district court appears to have agreed that it had de novo authority to resentence Caterino. But it failed to address the merits of Caterino's *Niven* argument on remand because it thought it was barred from doing so by the law of the case doctrine. This was error.

■ The law of the case doctrine "ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." *United States v. Maybusher*, 735 F.2d 366, 370 (9th Cir.1984) (quoting *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 833 (9th Cir.1982)), *cert. denied*, 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985). It does not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded. *Mirchandani v. United States*, 836 F.2d 1223, 1225 (9th Cir.1988).

■ Caterino tried to raise his *Niven* claim in *Caterino (Mem.Disp.)*, but we explicitly precluded him from doing so, holding that Caterino waived his claim by his actions before the district court during the sentencing phase. Even though we prevented Caterino from raising the merits of his claim in *Caterino (Mem.Disp.)*, the government now insists that we did decide the same *procedural* issue that Caterino asked the district court to address during resentencing. We do not agree. The procedural issue we decided was whether Caterino was barred from raising his *Niven* claim on appeal. Our response turned on whether Caterino's actions in district court had effectively waived his rights under *Niven on appeal*. By contrast, the issue considered by the district court on remand was whether Caterino could raise the *Niven* claim at *resentencing*. The outcome of this question depended on the *scope of the district court's authority* on remand to modify Caterino's sentence, and on whether the

waiver at the initial sentencing survived into the resentencing phase. Since these inquiries are distinct from the issue addressed on appeal, the law of the case doctrine did not bar the district court from addressing the merits of the *Niven* claim.

(4) Conclusion:

 As discussed above, the scope of the district court's authority on remand was broad enough to allow it to address Caterino's *Niven* claim; its mandate was to conduct a de novo resentencing. The only remaining question is whether Caterino was still bound at the resentencing phase by his waiver of *Niven* rights during the initial sentencing. He was not. Just as the district court was free to review the entire sentencing calculus, so too, Caterino was free to make any new arguments or concessions he deemed appropriate given the new set of circumstances. He exercised this freedom to zealously argue his *Niven* claim, contending both in his briefs and in oral argument that the pre- and post-Guidelines offenses must be apportioned or else set to run concurrently.

It is significant that the district court not only believed it had the authority to go beyond the vulnerable victim adjustment, but actually exercised this authority, choosing to reduce the sentences imposed on some counts, and to change one of the counts from a concurrent to a consecutive sentence. *See* discussion below. It was error for the district court to opt to change one portion of a sentence not specifically mentioned on remand, while at the same time refusing to exercise the same authority to re-examine another portion of the same sentence that the defendant alleged was illegal.

**B. The merits of Caterino's *Niven* claim.**

We would have no reason to remand if Caterino's *Niven* claim were not meritorious. The government's briefs are silent on this issue. We find the facts in this case indistinguishable from those in *Niven*, and therefore hold that Caterino's sentence violated the Double Jeopardy Clause.

 *Niven* prohibits a court from applying consecutive sentences for pre- and post-Guidelines conduct unless it first apportions the losses attributable to each. *Niven*, 952 F.2d at 293–94. Where, as here, mail and wire fraud offenses straddle the Sentencing Guidelines' effective date, the losses attributable to the pre-Guidelines offenses and Guidelines offenses *must* be apportioned, or else the sentences must be imposed concurrent to one another. *Mullins*, 992 F.2d at 1479.

 There is no evidence that the district court actually apportioned the losses here. The sentencing level for the Guidelines offenses was based on the Probation Office's estimate of $2.1 million to $5.2 million loss to investors, which was the *full* amount of the loss estimated by the Probation Office. There are no estimates in the record of the portion of loss attributable to the pre-Guidelines offenses, nor is the subject even broached. As the losses were not apportioned, there was no basis for apportioning the sentences based on the loss. Therefore, the district court was required to run the pre- and post-Guidelines sentences concurrently to avoid sentencing Caterino twice for the same offense, in violation of the Double Jeopardy Clause. *Niven*, 952 F.2d at 293–94. Since the district court did not do so, the sentence on remand violated the Double Jeopardy Clause.

## III. DISTRICT COURT RESTRUCTURING OF CATERINO'S GUIDELINES SENTENCES

 Mr. Caterino next contends that the district court erred by restructuring the Guidelines counts from uniform 97–month terms served concurrently, to a single 18–month term to be served consecutively to the remaining concurrent terms of 60 months. The district court apparently made this change, first to account for the vulnerable victim reduction required by *Caterino*, and second, to correct the previous sentences that illegally exceeded the 60 month maximum provided under 18 U.S.C. §§ 1341 and 1343. *See United States v. Jordan*, 895 F.2d 512, 513 (9th Cir.1989) (sentence in excess of the statutory maximum is illegal). This is another double jeopardy claim, which we ac-

cordingly review de novo. *Kinsey,* 994 F.2d at 702.

Caterino's reliance on *Jordan* to support his claim that the district court's action was not authorized is of little help. In *Jordan,* the district court initially sentenced the defendants to serve twelve years in prison for each of nineteen mail fraud counts, far in excess of the five-year maximum penalty. *Jordan,* 895 F.2d at 513. The defendants filed motions under the pre-November 1, 1987 version of F.R.Cr.P. 35 to correct their sentences. In response, the district court restructured the sentences to impose six two-year sentences to run consecutively. *Id.* at 513–14. Remanding to the district court, we agreed with the defendants' argument that the district court's authority under the old version of F.R.Cr.P. 35 was "strictly limited to the correction of the illegal portion of an illegal sentence." *Id.* at 514. Therefore the district court lacked authority under the old Rule 35 to change the sentences from concurrent to consecutive, as its only authority was to eliminate the illegal excess of the terms imposed. *Id.* (citing *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir.1964)).

In the case at bar, the district court did not need to rely on its inherent authority under the old Rule 35 to correct the illegal sentence because, as discussed above, it was authorized by this court's remand to review the entire sentence. Therefore, *Jordan* is inapposite because *Jordan's* holding was based solely on its interpretation of the language of Rule 35 granting limited authority to the district courts to correct illegal sentences. And *Jordan* specifically distinguished between this limited authority and the broader power that a district court may be granted upon remand from the court of appeals. *Id.* at 514–15.

Caterino further contends that even if the district court was not limited by Rule 35, it was limited by the Double Jeopardy Clause. Again, *Jordan* is no help because *Jordan* explicitly disavowed any reliance on the Double Jeopardy Clause.[2] Elsewhere, we have explained that a prisoner "has no legitimate expectation of finality in the original sentence when he has placed those sentences in issue by direct appeal and has not completed serving a valid sentence." *United States v. Andersson,* 813 F.2d 1450, 1461 (9th Cir.1987). Here Caterino placed his initial sentence in issue by his appeal. He therefore had no legitimate expectation of finality in that sentence, which was vacated at his request. It follows that the district court's restructuring of Caterino's Guidelines sentences was constitutional.

## IV. FAILURE TO ADEQUATELY EXPLAIN THE REASONS FOR THE SENTENCE

Finally, Caterino complains that the district court failed to provide adequate reasons for its sentence, as required by 18 U.S.C. § 3553(c). Section 3553(c) requires the court to "state in open court the reasons for its imposition of the particular sentence, and, if the [range of] the sentence ... exceeds 24 months, the reason for imposing a sentence at a particular point within the range." We review the district court's explanation to determine if the explanation is specific enough to permit meaningful appellate review. *See United States v. Brady,* 928 F.2d 844, 848 (9th Cir.1991). In his reply brief Caterino admits that the heightened requirements of § 3553 only apply where the range of possible sentences under the Guidelines exceeds 24 months. *See United States*

---

**2.** Although *Jordan* cited *Kennedy,* which did rely, in part, on the Double Jeopardy Clause, it explicitly disavowed that part of *Kennedy. See Id.* (citing cases casting doubt on *Kennedy's* authority as a double jeopardy case). The problem is that *Kennedy* interpreted the Double Jeopardy Clause to apply to prevent a court from increasing a sentence once the sentence has begun. *Kennedy,* 330 F.2d at 27. This interpretation is inconsistent with *United States v. DiFrancesco,* 449 U.S. 117, 134–137, 101 S.Ct. 426, 435–38, 66 L.Ed.2d 328 (1980), which held that a prisoner

does not have a reasonable expectation of finality of a sentence until the sentence is *completed.*

Even *Kennedy* would not have helped Caterino. In *Kennedy,* the court of appeals had not, as here, vacated the original sentence and sent the case back to the district court for an entirely new sentence. *Kennedy,* 330 F.2d at 28–29. *Kennedy* specifically distinguished such a case from the one it faced, where the district court sought to increase a sentence it had previously imposed that had *not* been vacated. *Id.*

*v. Martinez–Gonzalez*, 962 F.2d 874, 879 (9th Cir.1992). He nevertheless claims that the district court's abbreviated explanations are insufficient. He does not, however, explain how he was hindered in obtaining meaningful appellate review of his sentence. Therefore this claim is meritless.

REVERSED and REMANDED.