48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Huwell CRAIG, aka Taylor Vanderpool, Vanderpool,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Huwell Lyonell CRAIG, aka R.A. Brent, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Huwell Lyonell CRAIG, aka Ryan Anthony Brent; aka Brent
Cartwright; aka Damien Lyonell Craig, Defendant-Appellant.
 Nos. 94-50266, 94-50277, 94-50278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Huwell Craig appeals his sentence imposed after we remanded his case for resentencing.[1] Craig pled guilty to criminal charges related to bank fraud. Craig contends that the district court erred in conducting only a limited review of his sentence on remand. In particular, Craig argues that the district court was not barred from addressing his Niven claim. We have jurisdiction under 28 U.S.C. Sec. 1291. After a de novo review, see United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.1994), we affirm.
 
 A. Scope of Remand
 
 3
 When a remand mandate does not expressly limit the scope of remand to consideration of a single sentencing issue, the district court must conduct a de novo resentencing. See id. at 1396; see also United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994), cert. denied, 115 S.Ct. 777 (1995). At resentencing, the district court begins anew and "may take any matter into account and may hear any evidence relevant to sentencing." Caterino, 29 F.3d at 1394.
 
 
 4
 The government appears to concede that a de novo resentencing was required pursuant to the remand mandate, but argues that the district court did conduct a de novo resentencing. We agree. At the resentencing hearing, the district court stated,
 
 
 5
 I have reviewed the entire sentence.
 
 
 6
 * * *
 
 
 7
 I've considered everything. I've read everything, and I've considered everything, that I would imagine is a de novo review.
 
 
 8
 * * *
 
 
 9
 The appropriate way to discharge my obligation it arises from a mandate of the Ninth Circuit in it's [sic] unpublished memo disposition, is to state that no change, no modification, no amendment of the original sentence by Judge Ideman ... was necessary except from the following narrow respects.
 
 
 10
 The district court recognized its authority to go beyond the restitution issue, but declined to modify or amend Craig's original sentence other than the restitution component.[2] In particular, the district court entertained arguments on Craig's Niven claim. See Caterino, 29 F.3d at 1394-96.
 
 B. Merits of the Niven Claim
 
 11
 In United States v. Niven, 952 F.2d 289 (9th Cir.1991), we held that the Double Jeopardy Clause is violated if the district court applies consecutive sentences for pre- and post-Guidelines conduct unless it first apportions the losses attributable to each. Id. at 1396; see also Caterino, 29 F.3d at 1396 (district court violated the Double Jeopardy Clause because there was no evidence that it actually apportioned the losses). Further, the district court has the discretion to impose consecutive sentences for the defendant's Guidelines and pre-Guidelines counts. See United States v. Hicks, 997 F.2d 594, 600 (9th Cir.1993).
 
 
 12
 Here, the district court requested a supplemental presentence report reflecting the losses attributable to Graig's post-Guidelines conduct. At the resentencing hearing, the district court determined the losses attributable to Graig's post-Guidelines conduct and calculated Graig's offense level with reference to those losses.[3] Thus, the district court did not violate the Double Jeopardy Clause and acted within its discretion when ordering Graig's Guidelines and pre-Guidelines sentences to be consecutive. See Caterino, 29 F.3d at 1396; Niven, 952 F.2d at 293-94; see also Hicks, 997 F.2d at 600.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Craig's original appeal, we affirmed his conviction, but vacated his sentence and remanded for resentencing because the district court failed to consider Graig's ability to pay when ordering restitution. See United States v. Graig, Nos. 91-50778, 91-50787, & 91-50789, unpublished memorandum disposition (9th Cir. June 30, 1993)
 
 
 [2]
 The sentencing transcript indicates that the district court modified the special assessments. However, the written judgement does not reflect this change
 
 
 [3]
 The Sentencing Guidelines range based on the new calculation remains the same as determined by the original sentencing court