61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Donald Alonzo McNEIL, Defendant-Appellee.
 No. 94-50465.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 19, 1995.
 
 Appeal from the United State District Court, for the Central District of California, D.C. No. CR-91-00771-RMT; Robert M. Takasugi, District Judge, Presiding.
 C.D.Cal. [APPEALING AFTER REMAND, 21 F.3d 1117].
 VACATED.
 
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges; TASHIMA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The government appeals the district court's decision at resentencing to grant Donald McNeil a two-level credit for acceptance of responsibility pursuant to section 3E1.1 of the Sentencing Guidelines. We vacate and remand.
 
 
 4
 * McNeil was charged in a superseding indictment with three counts of aiding and abetting unarmed bank robberies in violation of 18 U.S.C. Secs. 2113(a) and 2(a). After his fist jury trial ended in a mistrial, McNeil was retried on February 19, 1992, and was convicted on two of the counts. At a sentencing hearing on February 1, 1993, the district court determined that McNeil was a career offender under the Sentencing Guidelines and sentenced him to 210 months imprisonment. McNeil appealed his conviction and sentence. While his appeal was pending, McNeil participated in a post-sentencing proffer session with the government, which was ultimately unsuccessful.
 
 
 5
 In a memorandum disposition, this court affirmed McNeil's conviction, but held that the district court had erroneously sentenced McNeil as a career offender. United States v. McNeil, No. 93-50133 (9th Cir. April 1, 1994). We therefore vacated the sentence and remanded the matter for resentencing.
 
 
 6
 On remand, the district court corrected its error and also granted McNeil a two-level reduction in his offense level for acceptance of responsibility pursuant to section 3E1.1 of the Guidelines. The district court resentenced McNeil to a term of 100 months -- the low end of the applicable 100 to 125 months Guidelines range.[1] The government filed this timely appeal.
 
 II
 
 7
 The government argues that the district court erred in granting McNeil a two-level credit for acceptance of responsibility based on conduct that occurred after his initial sentencing.
 
 
 8
 On remand, the district court generally may take any matter into account and may hear any evidence relevant to sentencing. United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994). However, this court has limited that general rule to preclude consideration of post-sentencing conduct. See United States v. Gomez-Padilla, 972 F.2d 284, 285-86 (9th Cir. 1992) (affirming district court's decision not to weigh post-sentencing conduct at resentencing); see also Caterino, 29 F.3d at 1394 (holding that district court does not have authority to restructure sentence based on post-sentence conduct). Thus, if the district court based its decision to grant the two-level adjustment on McNeil's conduct after his original sentencing on February 1, 1993, the adjustment was error.
 
 
 9
 McNeil claims that the district court based its decision to grant a two-level credit for acceptance of responsibility upon its observations of him during both jury trials and up to and including the resentencing on remand -- that is, on pre-sentencing as well as post-sentencing conduct. However, McNeil's position paper submitted prior to the resentencing and the arguments made to the district court at the resentencing hearing illustrate that McNeil himself relied solely on the proffer session with the government, which occurred after the original sentencing, in arguing for a two-level credit based on acceptance of responsibility.[2] Moreover, there simply was no pre-sentencing conduct by McNeil that indicated an acceptance of responsibility on his part.
 
 
 10
 In granting McNeil the two-level credit, the district court stated: "Based upon the factors suggested by counsel on the issue of acceptance of responsibility, I don't think that Mr. McNeil said anything or conducted himself in any way that would deprive him of a two-level reduction." Given that the only factors discussed by counsel involved McNeil's post-sentencing conduct, this statement indicates that the district court based its decision on post-sentencing conduct. To do so was error.[3]
 
 
 11
 For the above reasons, we vacate and remand for resentencing within the applicable 120 to 150 months Guideline range.
 
 
 12
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Absent the two-level reduction, McNeil's offense level would have been 26. With his criminal history category of VI, the applicable Guidelines range would be 120 to 150 months
 
 
 [2]
 Specifically, McNeil's position paper argued that "a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. Sec. 3E1.1, [was] appropriate given McNeil's conduct since the time of the first sentencing." (emphasis added). At the resentencing, counsel for McNeil argued that "the court is absolutely entitled to consider Mr. McNeil's conduct and his truthful debriefing with the government following his sentencing and in determining whether or not he should receive a two-level downward adjustment for acceptance of responsibility." (emphasis added). Discussion about McNeil's conduct during the previous trials was limited to explaining McNeil's inability to cooperate with the government during the trials
 
 
 [3]
 Because we find that the court erred in considering McNeil's post-sentencing conduct at resentencing, it is irrelevant whether McNeil's conduct was in fact sufficient under U.S.S.G. Sec. 3E1.1 to manifest acceptance of responsibility