95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo DOMINGUEZ-ALVARADO, Defendant-Appellant.
 No. 95-50497.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Dominguez-Alvarado appeals his 70-month sentence following resentencing by the district court. Dominguez-Alvarado contends that the district court erred by: (1) exceeding the scope of this court's mandate; (2) violating Dominguez-Alvarado's due process rights by ruling on a factual issue without notice and a hearing and by vindictively increasing his sentence for pursuing a successful appeal; and (3) resentencing Dominguez-Alvarado without considering post-sentencing conduct. We have jurisdiction under 28 U.S.C. § 1291, and review de novo the district court's interpretation and application of the sentencing guidelines. United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994). We affirm.
 
 
 3
 In the Southern District of California, Dominguez-Alvarado pled guilty to conspiracy to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a) (1) and 846. The district court initially sentenced Dominguez-Alvarado to a 70-month term after granting him a two-level reduction for acceptance of responsibility. This court held that the district court erred by denying him the additional one-point reduction pursuant to section 3E1.1(b) and remanded for resentencing "consistent with this memorandum disposition."
 
 
 4
 At the resentencing hearing, the district court granted the one-point reduction for acceptance of responsibility and determined the applicable guideline range to be 57 to 71 months. The district court stated "it's clear that the defendant continued to engage in criminal activity while in custody ... [i]t was in the probation report ... [l]et's proceed from there." Dominguez-Alvarado introduced no testimony or evidence on this issue. The district court resentenced Dominguez-Alvarado to a 70-month term.
 
 A. Scope of Mandate
 
 5
 Dominguez-Alvarado contends that the district court exceeded the scope of the mandate by reconsidering a factual issue in order to pick a different point of the Guideline's range. We disagree.
 
 
 6
 The general rule is that a district court on remand may take any matter into account and hear any evidence relevant to sentencing unless the scope of the remand is expressly or impliedly limited. United States v. Caterino, 29 F.3d 1390, 1394-95 (9th Cir.1994); cf. United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994) (per curiam) (district court without authority to reexamine other sentencing issues when this court expressly limits scope of remand), cert. denied, 115 S.Ct. 777 (1995).
 
 
 7
 Here, because the mandate was not expressly or impliedly limited to the issue of the one-point reduction for acceptance of responsibility, the district court did not exceed the scope of the mandate. See Caterino, 29 F.3d at 1394-95; see also Pimentel, 34 F.3d at 800.
 
 B. Due Process
 
 8
 Dominguez-Alvarado contends that the district court violated the Due Process Clause by not providing notice and a hearing on the issue of whether he continued his involvement in heroin trafficking while in custody. We disagree.
 
 
 9
 Due process does not entitle a defendant to an evidentiary hearing where the defendant had not requested such hearing and the district court afforded the defendant every opportunity to present his position. United States v. Rigby, 896 F.2d 392, 394-95 (9th Cir.1990); cf. United States v. Petty, 80 F.3d 1384, 1388-89 (9th Cir.1996) (court erred where there was no indication defendant had opportunity to read and discuss presentence report with counsel). Here, the presentence report stated that Dominguez-Alvarado continued his involvement in heroin trafficking while in custody. Counsel informed the district court that Dominguez-Alvarado disputed these facts and that the two had discussed another portion of the presentence report. Because this court's mandate was not expressly or impliedly limited, Dominguez-Alvarado cannot claim that he lacked notice that the district court would address this factual issue. See Caterino, 29 F.3d at 1394-95. Furthermore, Dominguez-Alvarado had the opportunity to challenge the presentence report's recommendation by introducing evidence on the factual issue. See Petty, 80 F.3d 1389. The record demonstrates that he did not do so. Therefore, the district court did not violate Dominguez-Alvarado's due process rights. See Rigby, 896 F.2d at 394-95.
 
 
 10
 Dominguez-Alvarado further contends that the district court violated his due process rights by increasing his sentence as punishment for pursuing a successful appeal. We disagree.
 
 
 11
 Due process of law is violated when a court imposes a more severe sentence against a defendant for having successfully pursued an appeal. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989). Because the district court did not impose a more severe sentence, his Pearce due process argument fails. See Pearce, 395 U.S. at 717; Smith, 490 U.S. at 798.
 
 C. Rehabilitative Conduct
 
 12
 Dominguez-Alvarado claims that the district court erred by not considering post-sentence evidence of rehabilitative conduct. We disagree. Dominguez-Alvarado's claim is foreclosed by this court's decision in United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.1994) (district court lacks discretion to consider defendant's post-sentence conduct when imposing new sentence).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3