107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zane HIGA, Defendant-Appellant.
 No. 96-10033.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 MEMORANDUM**
 Zane Higa appeals his 188-month sentence following resentencing by the district court. Higa was convicted of conspiracy to import methamphetamine under 21 U.S.C. § 963, and importing, and aiding and abetting the importation of, methamphetamine under 21 U.S.C. §§ 952(a), 960(a)(1), and 18 U.S.C. § 2. Higa contends that the district court erred by upwardly adjusting his offense level two points for obstructing justice. We have jurisdiction under 28 U.S.C. § 1291, and review for clear error. United States v. Karterman, 60 F.3d 576, 584 (9th Cir.1995). We affirm.
 Higa contends that the district court improperly increased his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because there was no evidence that he committed perjury at trial. We disagree.
 U.S.S.G. § 3C1.1 states: "[I]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." This enhancement is appropriate where "the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993). A witness testifying under oath commits perjury when he or she "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." Id. at 1116; see also 18 U.S.C. § 1621(1) (1984).
 Here, the district court imposed the obstruction of justice enhancement after finding that Higa committed perjury at his trial. On the material issue of whether Higa agreed to participate in the conspiracy, Higa testified at trial that he made no agreement with Rahbine and Matsunaga to import methamphetamine into the United States and had no involvement in the conspiracy. Higa's trial testimony on this issue, however, was contradicted by witness Rahbine. The district court found that Higa's testimony was "less than credible given the circumstantial evidence of telephone calls between [Higa] in Hawaii and Rahbine in Japan, and given the fact that [Higa] reported to work on the day in question at 6:00 a.m. but did not log in until 8:30 a.m." Thus, the district court concluded that Higa lied under oath regarding his agreement to participate in the methamphetamine importation conspiracy. Moreover, the district court found that Higa's trial testimony could not have been the result of mistake, confusion, or faulty memory. See Dunnigan, 113 S.Ct. at 1116; see also 18 U.S.C. § 1621(1) (1984). Accordingly, the district court's obstruction of justice enhancement was not clearly erroneous. See Dunnigan at 1117; see also Karterman, 60 F.3d at 584.[1]
 
 
 1
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we previously remanded for the sole purpose of having the district court make factual findings to determine if the obstruction of justice adjustment applied, and because Higa did not raise the following issues in his first appeal, we need not address Higa's contention that the district court erred by: (1) punishing Higa for acquitted relevant conduct; (2) depriving Higa of his right to be tried only on the charges returned by the grand jury; (3) violating Higa's right against Double Jeopardy; and (4) ignoring Higa's not guilty verdicts on counts one and two, inasmuch as they inferred a "fatal variance." See United States v. Caterino, 29 F.3d 1390, 1394-95 (9th Cir.1994)