133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben Albert RUIS, Deendant-Appellant.
 No. 95-50276.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1997.**
Decided Jan. 12, 1998.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Ruis challenges the sentence imposed by the district court following this panel's order vacating his first sentence. Ruis was convicted for participating in a conspiracy to import drugs. In the first sentencing proceeding, the district court imposed upward enhancements for Ruis' managerial role in the offense and for obstruction of justice. On appeal, we affirmed the finding that Ruis played a managerial role in the conspiracy but reversed the obstruction enhancement. We then vacated Ruis' sentence and remanded for resentencing. At issue in this appeal is the scope of our remand order. The district court apparently concluded that our order did not permit it to sentence Ruis anew but rather required it only to impose a sentence pursuant to the new modified offense level that was dictated by our elimination of the obstruction enhancement. Ruis argues that the remand order was a general one, requiring that he be sentenced "from scratch," and that the district court erred in finding otherwise and in refusing to reconsider his managerial-role enhancement. Although Ruis is correct that the district court appears to have misconstrued our remand order, we find that the court's error was harmless. We therefore affirm.
 
 
 4
 Our general practice, when we determine that a district court has imposed a sentence that exceeded its authority, is to vacate the entire sentence and remand for resentencing. See U.S. v. Ponce, 51 F.3d 820, 826 (9th Cir.1995); U.S. v. Jenkins, 884 F.2d 433, 441 (9th Cir.1989). In resentencing, the district court may consider any relevant evidence that it could have heard at the first hearing. See U.S. v. Catering, 29 F.3d 1390, 1394 (9th Cir.1994).
 
 
 5
 This is not so, however, when a panel issues a "limited remand"--that is, a remand in which the panel instructs the district court that it may reconsider only certain discrete issues. See Caterino, 29 F.3d at 1394; Ponce, 51 F.3d at 826. Subsequent appellate panels will "presume that [the] general practical [of issuing a general remand] was followed," however, "unless there is clear evidence to the contrary." Caterino, 29 F.3d at 1395. Not surprisingly, where panels do intend to issue a limited remand, that "clear evidence" usually comes in the form of an explicit statement that the remand order is of limited scope. See, e.g., U.S. v. Asrar, 116 F.3d 1268, 1270 (9th Cir.1997) ("Accordingly, we remand this [habeas] case to the district court for the limited purpose of granting or denying a certificate of appealability within 42 days of this order.").
 
 
 6
 In this case, we made no such, statement. Our remand order reads, "On the basis of the obstruction of justice upward adjustment, we vacate the sentence and remand for resentencing consistent with this disposition." [Cite to Memo Dispo at 16]. We have consistently rejected attempts by litigants to read limitations into similar remand orders. See, e.g., Ponce, 51 F.3d at 826; Caterino, 29 F.3d at 1394. Rather, we have found remands to be limited in scope only when they carefully and explicitly set forth such limitations. See, e.g., U.S. v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994).
 
 
 7
 The district court in this case appears to have concluded that the words, "consistent with this disposition," sufficed to limit the scope of our remand order. If that is so, then that conclusion was incorrect. The words, "consistent with this disposition," are boilerplate and redundant, since a district court never has the authority to take actions inconsistent with the disposition of a remanding panel. The phrase does not signal that a court means to depart from the "general practice" of issuing general remands, Caterino, 27 F.3d at 1394, by limiting the scope of the issues that the district court can consider.
 
 
 8
 Despite this apparent misunderstanding, however, we find it appropriate to affirm Ruis' sentence. The primary issue that Ruis urged the district court to reconsider, and the primary issue that he presses before this court, is the enhancement resulting from his managerial role in the conspiracy. That enhancement, however, became the law of the case when we affirmed it on appeal; the district court could not have reconsidered the issue even if it had correctly interpreted the scope of our remand. See Caterino, 29 F.3d at 1395; Mirchandini v. U.S., 836 F.2d 1223, 1225 (9th Cir.1938). Ruis' contention that our intervening decision in U.S. v. Williams, 41 F.3d 496 (9th Cir.1994), has called our reasoning with respect to that enhancement into question is erroneous.
 
 
 9
 Moreover, the record indicates that the district court actually did reconsider the other components of Ruis' sentence, despite its apparent confusion over the proper scope of our remand, when it reduced his term of confinement by 30 months. Ruis makes no claim that there is new evidence, not considered in the first sentencing hearing, that the district court failed to take into account on remand. Thus, to the extent that Ruis was entitled to a reconsideration of the other components of his offense, the transcripts of the resentencing proceeding make it clear that he received just that.
 
 
 10
 Finally, this is not a case in which an error by a district court as to the scope of a remand has left an important issue unexamined and resulted in a sentence that is not supported by proper findings of fact. Compare, U.S. v. Cornelius, 968 F.3d 703 (8th Cir.1992). Thus, we find that any error by the district court was harmless. We therefore AFFIRM Ruis' sentence.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 * Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts this circuit except as provided by 9th Cir. R. 36-3