UNITED STATES of America,
Plaintiff–Appellee,

v.

Alejandro GOMEZ–MENDEZ,
Defendant–Appellant.

No. 08–50060.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed March 20, 2009.

---

**524**

Stewart Michael Young, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Benjamin Lee Coleman, Coleman & Balogh LLP, San Diego, CA, for Defendant–Appellant.

Before: FARRIS and WARDLAW, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Alejandro Gomez–Mendez appeals his sentence of 77 months under 8 U.S.C. § 1326 [1] for unlawful reentry into the United States after removal from the United States. He contends that the district court, upon remand for resentencing after his prior appeal, improperly refused to apply an intervening decision of our court which would have precluded imposition of the sentencing enhancement for removal following an aggravated felony conviction under 8 U.S.C. § 1326(b). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and because "the [g]overnment never alleged in the indictment that he had been removed on a specific, post-conviction date," we agree that imposition of the enhanced sentence is constitutional error. *United States v. Salazar–Lopez*, 506 F.3d 748, 751 (9th Cir.2007). We therefore vacate the sentence, reverse, and remand for resentencing.

■ The district court apparently believed—and the government's sole argument on appeal is—that the remand by the prior panel precluded it from applying controlling authority issued after the remand order. Although the breadth of the remand

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The statutory maximum term of imprisonment for a violation of § 1326(a), unlawful reentry after removal, is two years. The statutory maximum for a violation of § 1326(b), unlawful reentry after removal following a certain type of conviction, is twenty years. Gomez–Mendez's sentence exceeded the two-year statutory maximum under § 1326(a).

order might reasonably be debated,[2] the application of intervening authority to a pending case is not.

The district court may take into account intervening controlling authority because the prior panel's remand "did not limit the overall sentence nor circumscribe the manner in which the court could apply other guideline provisions." *United States v. Washington,* 172 F.3d 1116, 1118–19 (9th Cir.1999). "The general rule is that a district court on remand may take any matter into account and may hear any evidence relevant to sentencing." *United States v. Caterino,* 29 F.3d 1390, 1394 (9th Cir.1994), *overruled on other grounds by Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). "[W]e presume that this general practice [is] followed unless there is clear evidence to the contrary," such as an *"express [ ] limit." Id.* at 1394–95.

■ Nor was the district court prohibited from considering *Salazar–Lopez* by the law of the case. "[F]or the law of the case doctrine to apply, we must actually have decided the matter, explicitly or by necessary implication, in our previous disposition." *Snow–Erlin v. United States,* 470 F.3d 804, 807 (9th Cir.2006). *Gomez–Mendez I* found only that Gomez–Mendez procedurally waived the statutory maximum issue on appeal. 486 F.3d at 606 n. 10. Therefore, it did not reach the merits of the argument. *See Caterino,* 29 F.3d at 1395.

The sentence is **VACATED** and the matter is **REMANDED** for resentencing.

The district court is instructed to apply *Salazar–Lopez.*

---

2. The remand expressly directed the district court "to determine whether the government improperly refused to file a motion under U.S.S.G. § 3E1.1(b)," with the clear implication that if the court found improper refusal, it should resentence. *United States v. Gomez–Mendez (Gomez–Mendez I),* 486 F.3d 599, 607 (9th Cir.2007). It would be illogical to conclude that the remand did not contemplate resentencing in the face of constitutional error. Nor did the remand expressly preclude the application of intervening authority.