**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50103 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00304-JFW-3 |
| v. | |
| SAMUEL ANTHONY EATON, AKA Samuel Easton, AKA Sammy Anthony Eatom, AKA Samuel Eaton, AKA Samuel Jackson, AKA Anthony Lawson, AKA Deadra Sinton, AKA Dalon Smith, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted June 2, 2015[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and SINGLETON,[***] Senior District Judge.

Samuel Eaton appeals from his resentencing by the district court pursuant to his convictions on two counts of bank larceny, 18 U.S.C. § 2113(b). We review his challenge to the sentence *de novo*, *United States v. Garcia-Guizar*, 234 F.3d 483, 489 n.2 (9th Cir. 2000), and affirm. Because the parties are familiar with the history of the case, we need not recount it here.

I

The district court was not required to impose the sixty-month "alternative sentence" on remand following our reversal of Eaton's convictions under 18 U.S.C. § 844 in the previous appeal. Our remand order in that appeal was open-ended and, unlike in any of the cases Eaton cites, did not direct the district court to impose the alternative sentence it had previously considered. The district court was therefore free to undertake a new sentencing analysis without regard to its earlier sentencing determinations. *See United States v. Ponce*, 51 F.3d 820, 825-26 (9th Cir. 1995) (concluding that the "district court did not err in resentencing [the defendants] without regard to its previous [sentencing] determinations" because the disposition in the prior appeal simply "vacated the [original] sentences and

---

[***] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

remanded for resentencing" without elaboration); *United States v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994) (concluding that, absent "clear evidence to the contrary," a disposition vacating a defendant's sentence and remanding for resentencing "should be read as granting a general rather than limited remand to the district court"), *overruled on other grounds by Witte v. United States*, 515 U.S. 389 (1995).

## II

The district court's decision to impose a sentence greater than sixty months at Eaton's resentencing hearing was not motivated by vindictiveness and did not violate his due process rights.

The district court explained that it was imposing the eighty-month sentence instead of the sixty-month "alternative sentence" because the sixty-month sentence was based on an erroneous analysis of the sentencing factors in 18 U.S.C. § 3553(a). This explanation was sufficient to avoid a presumption of vindictiveness. Even assuming the presumption arose, this explanation rebuts that presumption. As we have recognized, a district court may impose a higher sentence on a defendant at resentencing, without violating due process, where the "higher sentence resulted solely from the district court's correction of an error" in its prior sentencing analysis. *Garcia-Guizar*, 234 F.3d at 489; *see also Ponce*, 51

F.3d at 826 (finding no "authority for the proposition that due process is violated where a court reexamines all aspects of a sentence following a successful appeal of a prior sentence and a general remand").

**AFFIRMED.**