UNITED STATES of America,
Plaintiff–Appellee,

v.

Vincent CATERINO, Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

James CATERINO, Defendant–Appellant.

Nos. 90–50049, 90–50050.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 1991.

Decided Feb. 21, 1992.

David W. Wiechert, Layman, Jones & Dye, Irvine, Cal., Thomas H. Wolfsen, Westminster, Cal., for defendant-appellant.

John Shepard Wiley, Jr., Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BEEZER, HALL and WIGGINS, Circuit Judges.

HALL, Circuit Judge:

Vincent and James Caterino appeal a jury verdict convicting them of conspiracy, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 371, 1341, 1343. We have disposed of most of the Caterinos' claims in an unpublished disposition, and here consider only their contention that the district court erred in its application of the Sentencing Guidelines. We agree that the district court erred by applying multiple vulnerable victim enhancements and remand for resentencing.

I

In 1985, Vincent Caterino and Harold Martin began operating Marco Numismatics, Inc. ("Marco"). Marco sold coins to the public via a telephone sales operation. Vincent Caterino was president of Marco, and James Caterino was vice-president. In August 1987, the United States Postal Investigation Service investigated Marco after receiving a complaint from a customer of Marco. On December 3, 1987, inspectors searched Marco's premises, seizing Marco's business records and coins.

James and Vincent Caterino, along with other participants in the Marco scheme, were indicted for mail fraud, wire fraud, and conspiracy. James Caterino was also charged with using a false name to defraud. At trial, the prosecution sought to prove that Marco was a fraudulent scheme to sell nearly worthless coins at collectible prices. Marco purchased coins of poor quality and plentiful supply at low prices. Marco then sold these coins to buyers by falsely comparing them to scarce collectible coins of high value. Marco held out the

short-term price increases occasioned by its own sales as representing the market value of the coins. Unrebutted expert testimony established that the coins sold by Marco were not comparable in quality or value to the collectible coins to which Marco compared them.

The three salespeople defendants who were not members of the Caterino family pleaded guilty. The district judge noted that this was "understandable to anyone who had observed the faces of the jurors" while tape recordings of conversations between James Caterino and two elderly victims of Marco were played. James and Vincent Caterino were each convicted on counts of mail fraud, wire fraud, and conspiracy. The jury reached no verdict as to the other counts, including the use of a false name to defraud charge against James.

The district court increased the sentence of both Appellants pursuant to Sentencing Guidelines section 3A1.1 because they had preyed upon vulnerable victims.[1] The court increased each Appellant's offense level by four points (two points for each of two vulnerable victims).

## II

■ We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Howard,* 894 F.2d 1085, 1087 (9th Cir.1990). This court accords "due deference" to the district court's application of the Guidelines to the facts, but only reviews findings of fact for clear error. *Id.* (citing 18 U.S.C. § 3742(e)).

## A

■ The district court's finding that two of Marco's victims were "vulnerable" is not clearly erroneous. Both were elderly and vulnerable to a fraudulent scheme. *See United States v. Rocha,* 916 F.2d 219, 244 (5th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991) (dis-

trict court's determination of vulnerability entitled to "due deference"); *United States v. White,* 903 F.2d 457, 463 (7th Cir.1990) (same). Thus, Appellants' arguments over such matters as whether one of the victims could walk under her own power at the trial are of little import to this court. The district court's finding of vulnerability was amply supported.

## B

■ Appellants argue that the vulnerable victim adjustment was not properly applied to them because they did not single out vulnerable victims for harm. They rely upon the following commentary:

> This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant. The adjustment would apply, for example, in a fraud case where the defendant marketed an ineffective cancer cure or in a robbery where the defendant selected a handicapped victim. But it would not apply in a case where the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile.

U.S.S.G. § 3A1.1, comment. (n.1). Where possible, we construe the text of a Guidelines section and its associated commentary to be consistent with one another. *United States v. Anderson,* 942 F.2d 606, 613 (9th Cir.1991) (en banc).

By our reading, the commentary's mail fraud example is intended to exclude those cases where defendants do not know they are dealing with a vulnerable person. *See United States v. Boise,* 916 F.2d 497, 505–06 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991) (enough that the crime be committed against a vulnerable person). Our reading renders the commentary's example consistent with the "should have known" language of the Guidelines section itself.

---

1. Section 3A1.1 provides:
   If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particu-

larly susceptible to the criminal conduct, increase by 2 levels.
United States Sentencing Commission, *Guidelines Manual,* § 3A1.1 (Nov. 1990).

■ The district judge specifically found that Appellants used "the telephone to get behind the defenses of people who are frequently old people, who are frequently ... people who don't have the ability to protect themselves." The district judge's finding that Appellants knew or should have known of their victims' vulnerability is entitled to due deference as a factual finding. *Rocha*, 916 F.2d at 244; *White*, 903 F.2d at 463. Thus, Appellants' argument here lacks merit.

## C

■ Finally, Appellants argue that the district judge erred by adding two vulnerable victim adjustments to their Guidelines sentences. This appears to be an issue of first impression in the federal courts. Although neither side brought them to the attention of this court, the multiple count provisions of the Guidelines decisively resolve the question. *See* U.S.S.G. Ch.3, Pt.D.

Under the Guidelines, fraud is an offense for which multiple counts are aggregated into one group for sentencing purposes. The degree of the fraud is taken into account by increasing the offense level commensurate to the aggregate amount of money defrauded. *See* U.S.S.G. Ch. 3, Pt. D, intro. comment.; *id.* § 3D1.2, comment. (n.6). The offense characteristics for a fraud conviction are applied to the overall scheme rather than by reference to individual counts or victims:

[A]dd the numerical quantities [of money involved] and apply the pertinent offense guideline, including any specific offense characteristics for the conduct *taken as a whole.*

U.S.S.G. Ch. 3, Pt. D, intro. comment. (emphasis added).

The government argues that section 5K2.0 justifies the double vulnerable victim adjustment because the base offense level for fraud does not contemplate a fraud with numerous victims of small means. Section 5K2.0 provides that a court may impose a sentence outside the Guidelines range if "there exists an aggravating or mitigating circumstance of a kind, or to a

degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that could result in a sentence different from that described." U.S.S.G. § 5K2.0 (quoting 18 U.S.C. 3553(b)). But the Guidelines do, in fact, contain a provision increasing the offense level where a fraud involves more than one victim. *See* U.S.S.G. § 2F1.1(b)(2). Both Appellants' sentences were adjusted upward under that section. Thus, the double vulnerable victim adjustment is not warranted on the ground that the Guidelines do not anticipate a fraudulent scheme taking small amounts of money away from many people.

Because the district court believed itself to be sentencing Appellants within the Guidelines, the record contains no findings to support an upward departure from the Guidelines sentence. In order to justify a departure on a ground for which the Guidelines already impose an adjustment, the sentencing court must find that "the factor is present to a degree substantially in excess of that which ordinarily is involved in the offense." U.S.S.G. § 5K2.0. Because the district court did not make a finding under section 5K2.0, we have no occasion to determine whether exploitation of numerous vulnerable victims could support an upward departure under section 5K2.0. We hold only that the adjustment may be counted once for convictions arising out of a single fraudulent scheme in calculating a sentence within the Guidelines.

Thus, because section 2F1.1(b)(2) does contemplate a fraudulent scheme where numerous victims are swindled for relatively small amounts, the district court erred by adding multiple vulnerable victim adjustments to Appellants' offense level under the Guidelines. We therefore VACATE the Caterinos' sentences and REMAND for resentencing.