983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. HAMRICK, Defendant-Appellant.
 No. 91-6398.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant James R. Hamrick pled guilty to a ninety-two count information charging him with conspiracy under 18 U.S.C. § 371; mail fraud under 18 U.S.C. § 1341; interstate transport of fraudulently-obtained goods under 18 U.S.C. § 2314; and money laundering under 18 U.S.C. § 1956(a)(1)(B)(i). On appeal, defendant challenges the factual basis for the money laundering charge, and the two-point upward adjustment of his sentence pursuant to U.S.S.G. § 2F1.1(b)(2)(B). We AFFIRM defendant's sentence and REMAND for supplementation of the record as to the factual basis for the money laundering plea.
 
 I.
 
 2
 From 1986 to 1989, James R. Hamrick solicited investments, through false advertising and other false representations, in a defunct company which he had owned, the Holston Loan Company. Hamrick would then deposit the money in various corporate accounts over which he had control. Once deposited, Hamrick used the money for his own ends.
 
 
 3
 In July 1989, the Commissioner of Commerce and Insurance for the State of Tennessee ordered Hamrick to cease and desist 1) selling unregistered securities, 2) acting as an unregistered broker, and using 3) unregistered advertising. Despite the administrative order, Hamrick accepted four more deposits.
 
 
 4
 Hamrick was indicted in 1991 for securities violations and fraud. Hamrick entered into a plea agreement with the government. The district court accepted the agreement and defendant's plea. Prior to sentencing, defendant filed a motion to withdraw his guilty plea. The district court denied the motion and sentenced Hamrick under the Sentencing Guidelines to 96 months. This appeal followed.
 
 II.
 A.
 
 5
 Defendant's first assignment of error involves his money laundering conviction. Hamrick argues that the district court failed to make a sufficient inquiry as to the factual basis showing the design to conceal, as required by Fed.R.Crim.P. 11(f).[1] Under 18 U.S.C. § 1956(a)(1)(B)(i), it is illegal to engage in:
 
 
 6
 a financial transaction which in fact involves the proceeds of specified unlawful activity (B) knowing that the transaction is designed in whole or in part(;) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity....
 
 
 7
 Id.
 
 
 8
 To be guilty of a money-laundering offense, the financial transaction must be designed to conceal or disguise the source or nature of the unlawful proceeds. See United States v. Sanders, 928 F.2d 940, 946 (10th Cir.), cert. denied, 112 S.Ct. 142 (1991).
 
 
 9
 The government responds that it has established a sufficient basis for the charge by describing at sentencing how Hamrick deceived investors through false advertising, and "laundered" the illegally obtained funds through the corporate accounts of defunct corporations. This behavior, the government claims, demonstrates defendant's intent to conceal under the money laundering statute.
 
 
 10
 The government's position is not supported by the language of § 1956(a)(1)(B)(i). The statute specifies that money laundering occurs when a "financial transaction" is "designed ... to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity...." 18 U.S.C. § 1956(a)(1)(B)(i). The plain language of the statute contemplates a financial transaction with characteristics beyond the underlying unlawful activity, thereby requiring proof of a financial transaction in addition to the simple acquiring of the unlawful proceeds. In this case, there is no distinction between the fraud and the alleged money laundering. The investors were deceived into investing in Holston, and defendant kept the proceeds in the corporate accounts of that company. Thus, we simply do not have the financial transaction required by 18 U.S.C. § 1956(a)(1)(B)(i). See, e.g., United States v. Lovett, 964 F.2d 1029, 1033-37 (10th Cir.) (defendant's purchase of car with money stolen from his grandmother did not show a financial transaction designed to conceal origin of proceeds despite statements to salesmen attributing funds to his legitimate business, nor was purchase of diamond ring with illegal funds money laundering merely because defendant made check for ring payable to jewelry store owner personally), cert. denied, 1992 U.S. LEXIS 5209 (1992); Sanders, 928 F.2d at 946 (purchase of cars with illicit funds did not establish design to conceal for purposes of money laundering where defendant and his wife were present at purchases, readily identified by salespersons, and conspicuously used cars). Cf. United States v. Posters 'N' Things Ltd., 969 F.2d 652, 661 (8th Cir.1992) (defendant sold legal and illegal goods in store; commingling of legal and illegal funds was a financial transaction which showed an intent to conceal).
 
 
 11
 Because the facts presented do not support a money-laundering violation, Rule 11(f) has not been satisfied. As the error here concerns solely the factual basis for the plea, not its voluntariness, the appropriate remedy is to remand to district court so that the government may supplement the record on the issue of "concealment." United States v. Goldberg, 862 F.2d 101, 106-07 (6th Cir.1988). In the event the government is unable to satisfy this requirement, the district court is directed to vacate defendant's guilty plea as to the money-laundering charges and resentence him as to the remaining charges.
 
 B.
 
 12
 Defendant also argues that his sentence was improper under the Sentencing Guidelines. Defendant's sentencing level for the counts of mail fraud and interstate transport of fraudulently-obtained goods was increased by two points because four counts were committed after Tennessee issued its administrative order.[2] Defendant contends that the adjustment should have been made only with respect to the four counts which occurred after the order. We disagree.
 
 
 13
 Under § 3D1.2 of the Guidelines, multiple counts involving substantially the same harm are treated as a single group. Section 3D1.2(d) specifically includes fraud as a type of count which should be grouped. The Introductory Commentary to Chapter 3, Part D, of the Guidelines states that when counts are grouped, the Sentencing Guidelines should be applied to those counts "taken as a whole." Further, § 1B1.3(a)(2) requires that, when counts must be grouped under § 3D1.2(d), the "specific offense characteristics" that are the basis for sentencing adjustments must be derived from all acts that "were part of the same course of conduct." Consequently, all actions which were part of the course of conduct leading to conviction must be considered as a whole and thus all of the actions are subject to a uniform application of the specific offense characteristics for the purposes of adjustments. See United States v. Caterino, 957 F.2d 681, 684 (9th Cir.), cert. denied, 113 S.Ct. 129 (1992).
 
 
 14
 Thus, the violation of the administrative order was properly used as a specific offense characteristic for all the counts since they all form the underlying course of conduct.
 
 
 15
 For the reasons set forth above, we REMAND the case so that the government has the opportunity to provide a sufficient factual basis for the money laundering charges. We AFFIRM the district court in all other respects.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Rule 11(f) states: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."
 
 
 [2]
 Section 2F1.1(b)(3)(B) of the Guidelines requires a two-point upwards adjustment to a defendant's sentencing level for acts committed in violation of an administrative order