29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James CATERINO, Defendant-Appellant.
 No. 93-50187.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1994.*
Decided July 11, 1994.
 
 Before BROWNING, PREGERSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. BACKGROUND
 
 2
 James Norman Caterino appeals his sentence, imposed by the district court after this court remanded his case for resentencing.
 
 
 3
 Mr. Caterino's conviction arose out of a scheme whereby he and others operating a company called Marco Numismatics, Inc. ("Marco"), conspired to fraudulently induce more than 500 customers to invest in nearly worthless coins. On March 18, 1989 a jury convicted Caterino, of twenty counts of conspiracy, mail fraud, and wire fraud, in violation of 18 U.S.C. Secs. 371, 1341, and 1343. Caterino appealed and we affirmed the conviction but remanded for resentencing because the district court had erroneously added a multiple vulnerable victim adjustment to Caterino's offense level under the Guidelines. See United States v. Caterino, 957 F.2d 681, 684 (9th Cir.), cert. denied, 113 S.Ct. 129 (1992).
 
 
 4
 On remand, the district court sentenced Caterino to 18-month sentences on each of the pre-Guidelines counts and a 57-month sentence on the single Guidelines count, all terms to run concurrently, followed by a three-year term of supervised release. The district court also ordered restitution of $30,000 to be paid into a fund for distribution to the investors. On appeal, Caterino only disputes the restitution order. He claims: (1) that the order does not comply with Hughey v. United States, 495 U.S. 411 (1990); and (2) that the district court failed to consider his resources, financial needs, and earning ability. Finding no merit to these claims, we affirm the sentence.
 
 
 5
 A. Standard of review.
 
 
 6
 We review an order of restitution for abuse of discretion provided the order falls within the legal framework. United States v. Sanga, 967 F.2d 1332, 1335 (9th Cir.1992). We review de novo whether it falls within the legal framework. United States v. Angelica, 951 F.2d 1007, 1009 (1991). We review the factual findings underlying the order for clear error. Sanga, 967 F.2d at 1336.
 
 
 7
 B. Hughey v. United States.
 
 
 8
 Mr. Caterino complains that the restitution order does not comply with Hughey. Hughey stands for the proposition that an offender may not be required to pay more in restitution than the amount of loss caused by the acts underlying the offense for which the offender was convicted. Hughey, 110 S.Ct. at 1982. Here the total loss to investors was between $2.1 million and $5.2 million. The total amount of "verified investments" traceable to the counts of conviction was $258,723.89. Therefore, the $30,000 restitution order was less than the amount of loss caused by the fraudulent acts of which Caterino was convicted, satisfying the requirements of Hughey.
 
 
 9
 C. Alleged failure to consider Caterino's resources, financial needs, and earning ability.
 
 
 10
 A district court must consider the financial resources, needs, and earning ability of the defendant and any dependents when determining the amount of restitution. 18 U.S.C. Sec. 3664(a). The judge need not make findings of fact bearing on these factors, but the record must reflect that the information was available on which the judge could make the required findings. United States v. Cannizzaro, 871 F.2d 809, 810-811 (9th Cir.), Cert. denied, 493, U.S. 895 (1989). In addition, "at the time restitution is ordered the record must reflect some evidence the defendant may be able to pay restitution in the amount ordered in the future." United States v. Ramilo, 986 F.2d 333 (9th Cir.1993) (emphasis added). Present indigence alone does not bar an order of restitution. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), Cert. denied, 112 S.Ct. 1515 (1992).
 
 
 11
 Caterino contends that the record does not reflect that he will be able to pay $30,000 over three years. We do not agree. The government points to evidence in the Presentence Report that defendant had been consistently employed for the eight years before he began to work for Marco, and that he found work for $560 per week while out on bond in this case. In addition, Caterino informed the district court that he had obtained a high school general equivalency degree and a Certificate of Achievement in advanced computer application while incarcerated. Finally, at the time of sentencing he was taking twelve hours of courses at a Community College at the same time as he was working full time as a carpenter at Edwards Air Force Base. This evidence was more than adequate for the judge to make his required findings.
 
 
 12
 In rebuttal, Caterino mentions only that he had been in custody for 42 months at the time of sentencing, and that his wife was divorcing him. Given these facts, the district court's determination that James Caterino would be able to pay a $30,000 restitution order was not clearly erroneous.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3