125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher K. WALLS, Defendant-Appellant.
 No. 96-30346.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-96-05149-RJB; Robert J. Bryan, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Christopher K. Walls appeals his conviction by guilty plea and sentence for bank fraud in connection with a credit card application, in violation of 18 U.S.C. § 1014. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 1. Withdrawal of Guilty Plea
 
 3
 Walls contends that because he was entitled to withdraw his guilty plea at anytime before it was accepted by the court, the district court erred by denying his motion to withdraw his plea. This contention lacks merit.
 
 
 4
 The district court did not abuse its discretion by denying Walls' motion, which he made at the sentencing hearing, because he failed to establish a fair and just reason for the withdrawal of the plea. See United States v. Hyde, 117 S.Ct. 1630, 1633 (1997).
 
 2. Amount of Loss
 
 5
 Walls contends that the district court erred by denying him a fair opportunity to contest the amount of loss used to calculate the applicable sentencing range. This contention lacks merit.
 
 
 6
 The district court was entitled to rely on Walls' stipulation in the plea agreement and his sworn statement at the plea revision hearing that the amount of loss was $87,000 for purposes of sentencing and restitution. See United States v. Patterson, 812 F.2d 1188, 1192 (9th Cir.1987) (noting that stipulated facts treated as having been established by clear proof); Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1987) (according statements made by defendant contemporaneously with plea great weight). Thus, the district court did not clearly err by finding the amount of loss to be $87,000 in calculating the applicable sentence guideline.[1] See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996) (stating that findings of fact underlying sentencing decision reviewed for clear error).
 
 3. Acceptance of Responsibility
 
 7
 Walls contends that the district court erred by denying him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 because he accepted responsibility for the charged offense. We disagree.
 
 
 8
 We review for clear error the district court's determination to grant or deny the defendant an acceptance of responsibility reduction. See United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 9
 The Guidelines provide a reduction "if the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (1995). "A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id. comment, (n. 1(a)).
 
 
 10
 Here, in addition to contesting the amount of loss to which he had previously stipulated and testified, Walls denied any fraudulent conduct toward the victim in the face of strong evidence that he took over her financial affairs and looted her accounts. Thus, the district court did not clearly err by denying Walls a reduction in his sentence for acceptance of responsibility. See id.; Gonzalez, 897 F.2d at 1019.
 
 
 11
 4. Upward Adjustments: More than Minimal Planning; Abuse of Position of Trust; Vulnerable Victim
 
 
 12
 We review the district court's interpretation of the Sentencing Guidelines de novo, and the application of the Guidelines to the facts for abuse of discretion. See Robinson, 94 F.3d at 1327. We review the factual findings underlying the sentencing decision for clear error. See id.
 
 
 13
 Walls contends that the district court erred by adjusting his sentence upward for more than minimal planning under U.S.S.G. § 1B1.1 because there was no showing that his conduct was more than purely opportune. This contention lacks merit.
 
 
 14
 "'More than minimal planning' means more planning than is typical for commission of the offense in a simple form ... [and] is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1 comment, (n. 1(f)) (1995).
 
 
 15
 The district court did not err by adjusting Walls's sentence upward for more than minimal planning because applying for a credit card by using the name, social security number and forged signature of his victim required substantial forethought and planning. See id.; Robinson, 94 F.3d at 1327.
 
 
 16
 Walls next contends that the district court erred by adjusting his sentence upward for abuse of position of trust under U.S.S.G. § 3B1.3 because he obtained influence over his victim by virtue of his personality, not a position of trust. This contention is meritless.
 
 
 17
 "If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." U.S.S.G. § 3B1.3 (1995).
 
 
 18
 Here, the victim of Walls' crime placed her trust in him by allowing him to take over the management of her apartment building as well as her business affairs after which Walls began writing checks against his victim's accounts and applying for a credit card in the name of her invalid husband. On this record, the district court did not err by applying the upward adjustment for abuse of a position of trust. See id.; see also United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990) (finding primary factor distinguishing person in position of trust is extent to which position provides freedom to commit a difficult-to-detect wrong).
 
 
 19
 Walls also contends that the district court erred by applying the vulnerable victim adjustment under U.S.S.G. § 3A1.1 to his sentence because he did not target his victim. This contention lacks merit.
 
 
 20
 "If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels." U.S.S.G. § 3A1.1(b) (1995).
 
 
 21
 The district court did not err by applying the vulnerable victim adjustment because it is sufficient that defendant knew or should have known that the victim was susceptible to his scheme. See id.; see also United States v. Caterino, 957 F.2d 681, 683 (9th Cir.1992) (reading the guidelines "to exclude those cases where defendants do not know they are dealing with a vulnerable person").
 
 5. Restitution
 
 22
 Walls contends that the district court erred by ordering that amounts paid by him are not to be considered restitution until any and all civil judgments have been satisfied. We disagree.
 
 
 23
 Contrary to Walls's reading, the district court order provides that any payment or credit be apportioned between the restitution amount and the amounts of any civil judgments. The district court's order does not violate any statutory requirement or guideline provision governing restitution and, thus, the court did not err by ordering restitution paid in this manner. See 18 U.S.C. §§ 3663-3664; U.S.S.G. 5E1.1(c) (1995).
 
 
 24
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Walls's corollary argument that the district court erred by denying his motion under 18 U.S.C. § 3006A also lacks merit because Walls failed to demonstrate that reasonably competent retained counsel would require such accounting services and that he was prejudiced by the failure to have an accountant review records allegedly establishing payments he made to his victim. See Bonin v. Calderon, 59 F.3d 815, 837 (9th Cir.), cert. denied, 116 S.Ct. 718 (1996)