139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judy Ann OZBURN, Defendant-Appellant.
 No. 97-30251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1998.**
Decided Feb. 13, 1998.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-97-00074-CRD; Carolyn R. Dimmick, District Judge, Presiding.
 Before: BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Judy Ann Ozburn appeals her sentence for the crime of bank fraud under 18 U.S.C. § 1344.
 
 
 3
 Ozburn, now age 51, stole over $114,000 from her parents' bank account between the years of 1990 and 1996. During this time, she lived in her parents' home. To perpetrate the fraud, Ozburn forged her mother's name on checks, used an ATM card issued to her mother, intercepted bank statements and replaced them with crude false statements made on a typewriter, and helped her mother balance the checkbook with false bank figures.
 
 
 4
 The sentencing court added two levels of adjustment to Ozburn's sentence based on a determination that her parents were "vulnerable victims" under § 3A1.1(b) of the Sentencing Guidelines. Ozburn argues that the court erred by making this enhancement.
 
 
 5
 We accord "due deference" to a district court's application of the Sentencing Guidelines to the facts, but review findings of fact for clear error. United States v. Catering, 957 F.2d 681, 683 (9th Cir.1992).
 
 
 6
 The sentencing guideline at issue provides:
 
 
 7
 If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.
 
 
 8
 USSG § 3A1.1(b). (emphasis added).
 
 
 9
 We recognize that the "otherwise particularly susceptible" language in § 3A1.1(b) requires the sentencing court "to consider factors beyond the victim's age, physical and mental condition. The sentencing court must consider the characteristics of the defendant's chosen victim, the victim's reaction to the criminal conduct, and the circumstances surrounding the criminal act." United States v. Johnson, No. 96-10575, slip. op. 14891, 14905 (9th Cir. Dec. 29, 1997) (quoting United States v. Peters, 962 F.2d 1410, 1417 (9th Cir.1992)).
 
 At sentencing, the district court stated:
 
 10
 The vulnerable victim enhancement does apply in this case, not solely because of age. I agree with you that it would be improper to base anything on age unless you're absolutely 110. That is not the issue.
 
 
 11
 The issue is that [Ozburn] was in the house. [Her parents] were vulnerable tb the extent that they trusted her, allowed her to do the banking....
 
 
 12
 Thus, the court found that the victims were vulnerable primarily because of the position of trust that Ozburn held in the household. This finding was not clearly erroneous and the district court did not err in enhancing Ozburn's sentence pursuant to § 3A1.1(b).
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3