142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
VERNON KEMBITSKEY, Defendant-Appellant.
 No. 97-50387.
DC No. CR 97-156-ER.
 United States Court of Appeals, Ninth Circuit.
 Submitted** March 5, 1998.
Decided April 27, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California, Edward Rafeedie, District Judge, Presiding.
 
 
 2
 Before BOOCHEVER and KLEINFELD, Circuit Judges, and ILLSTON, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 It is undisputed that Kembitskey and a co-defendant defrauded fifty-six victims, the majority of whom were elderly, of $10,405.95. The Presentence Report ("PSR") found Kembitskey had been " 'targeting' specific victims due to their age and/or vulnerability," based on an FBI report "that an informant/witness advised the FBI that, Kembitskey specifically targeted elderly and handicapped individuals " (emphasis in original). The PSR notes the "informant/witness also indicated that he observed another individual provide Kembitskey with a list of potential telemarketing victims to target " (emphasis in original). The findings of the presentence report were adopted by the district court. At sentencing, the district court found
 
 
 5
 the probation officer properly applied the two-level upward adjustment under 3A1.1(b) for the fact that the defendant knew or should have known that the victims of the crime were unusually vulnerable due to their age. It is clear from the stipulated facts of the plea agreement and from proof of the losses filed with the court that the victims of these crimes were the elderly and that this was not an accident.
 
 
 6
 I. Application of U.S.S.G. § 3A1.1(b) Enhancement
 
 
 7
 The United States Sentencing Guidelines § 3A1.1(b) provides:
 
 
 8
 If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.
 
 
 9
 U.S.S.G. § 3A1.1(b).
 
 
 10
 In United States v. Caterno, 957 F.2d 681 (9th Cir.1992), this court reviewed and upheld a § 3A1.1(b) enhancement, based on the age of the victims, to the sentence of a defendant who sold nearly worthless coins at collectible prices over the telephone. Some of his victims were elderly. In that case, we deferred to the district court's specific finding that the defendant should have known his victims were vulnerable because the defendant "used 'the telephone to get behind the defenses of people who are frequently old people, who are frequently ... people who don't have the ability to protect themselves.' " Id. at 684.
 
 
 11
 More recently, this court has interpreted § 3A1.1(b) as creating a categorical sentence enhancement which may be applied solely because of the age of the victim. In United States v. Castellanos, 81 F.3d 108 (9th Cir.1996), this court interpreted § 3A1.1(b) as comprising two distinct prongs, and reasoned that, under the first prong, age or physical or mental condition may make a victim vulnerable per se:
 
 
 12
 It is unclear precisely why the Commission chose to employ the separate concepts of "unusually vulnerable" and "particularly susceptible," except to suggest that characteristics of age, physical condition or mental condition may per se render a victim worthy of the special protection of this section, whereas other circumstances might make the victim subject to such protection depending upon the nature of the particular criminal conduct.... [N]either age nor physical or mental condition of the victims formed the basis for the application of § 3A1.1 in this case....
 
 
 13
 Id. at 110 (emphases added).
 
 
 14
 Thus, under Caterino, a finding by the district court that a victim was unusually vulnerable due to age is enough to support a § 3A1.1(b) enhancement. Castellanos interprets that section as allowing a per se enhancement for age and physical or mental disabilities, while permitting enhancements on other bases only where the district court finds the victim to be otherwise "particularly susceptible."
 
 II. Analysis
 
 15
 It is undisputed that the majority of Kembitskey's victims were elderly. The district court adopted the factual findings of the PSR, which includes evidence from a confidential informant that Kembitskey "specifically targeted elderly and handicapped individuals." Kembitskey argues that a § 3A1.1(b) enhancement cannot be based on age alone, but the court must also find the defendant's victims were unusually vulnerable to the crime charged due to their advanced age. However, relying on the PSR, and adopting its findings, the district court did find "that the defendant knew or should have known that the victims of the crime were unusually vulnerable due to their age."
 
 
 16
 Kembitskey attempts to distinguish Caterino on the basis that the district court in that case "had before it two taped conversations between the defendants and two elderly victims," but the district court below had similar evidence before it. The district court reviewed "the stipulated facts of the plea agreement and ... proof of the losses filed with the court ...." The victims' loss reports in the PSR reveal that Kembitskey's victims included those residing in nursing homes, elderly persons who have repeatedly fallen victim to scams (perhaps because they cannot remember recently suffered losses), and victims who indicate they "don't know" how much they lost to Kembitskey. One victim loss report was filed on behalf of the victim under a power of attorney.
 
 
 17
 The district court did not abuse its discretion in finding that Kembitskey's victims, who were mostly elderly, were unusually vulnerable to telemarketing fraud due to their age. As a group, the elderly are less mobile and thus more dependent upon the telephone for contact with friends, family, and the outside world generally. The elderly, as a group, are more vulnerable to telemarketing scams simply because they present a stationary target. Also, because many elderly persons live alone, they may have diminished access to the sort of second-guessing that keeps most others safe from telemarketing schemes.
 
 
 18
 Because there is evidence in the record from which the district court concluded that Kembitskey targeted victims who were unusually vulnerable due to their advanced age, the court did not abuse its discretion.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 * Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3