**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30379 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-000385-KI-1 |
| v. | |
| JOHNNY BROWN, AKA Mickey, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted March 3, 2015
Portland, Oregon

Before: FISHER, PAEZ and IKUTA, Circuit Judges.

Johnny Brown appeals his conviction, 130-month sentence and $6.2 million

restitution order following his conviction by a jury of 14 counts of wire fraud,

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

making false statements to a financial institution and tax evasion.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The court did not violate Brown's due process right to a fair trial by precluding him from presenting closing argument regarding his absence of flight, because Brown did not introduce evidence of his compliance with pretrial release. *See United States v. Miguel*, 338 F.3d 995, 1001 (9th Cir. 2003); *United States v. Guess*, 745 F.2d 1286, 1288 (9th Cir. 1984). Brown does not contest the district court's decision to exclude such evidence. Even assuming the district court's decision to exclude the evidence of absence of flight was erroneous, any error was harmless because there was overwhelming evidence of guilt. *See United States v. McInnis*, 976 F.2d 1226, 1231 (9th Cir. 1992).

2. The sentencing enhancement for vulnerable victims under United States Sentencing Guidelines § 3A1.1(b) was not clearly erroneous. *See United States v. Scrivener*, 189 F.3d 944, 950 (9th Cir. 1999). The court applied the correct legal standard. Although the court said at the sentencing hearing that the victims were "potentially vulnerable," it also relied on the findings from the presentence report, which concluded the victims were actually vulnerable. The

---

[1] We address Brown's argument regarding the court's decision to proceed with 11 jurors after excusing a juror for good cause during deliberations in an opinion filed concurrently with this memorandum disposition.

court also described the enhancement several times without using the term "potentially." Furthermore, the Victim Impact Statements and other evidence show that Brown knew or should have known many of the victims were vulnerable, because they were elderly, unsophisticated and financially insecure. *See* U.S.S.G. § 3A1.1 cmt. n.2; *United States v. Caterino*, 957 F.2d 681, 683 (9th Cir. 1992).

3. The sentencing enhancement for leadership in "otherwise extensive" criminal activity under U.S.S.G. § 3B1.1(a) was not clearly erroneous. *See United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012). The court was not required to make specific findings of fact to support the imposition of the enhancement. *See id.* The evidence showed Brown was the "organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1(a) cmt. n.2. Brown assigned tasks to his wife, who was an active and knowing participant in the criminal activity. Brown also directed multiple employees to process fraudulent purchases and refunds on the credit cards. *See United States v. Rose*, 20 F.3d 367, 374 (9th Cir. 1994).

4. The court made sufficient findings under Federal Rule of Criminal Procedure 32 regarding contested facts in the presentence report. The court was not required to make an express finding as to whether Brown forged credit slips,

because that disputed fact did not affect his sentence. *See United States v. Petri*, 731 F.3d 833, 837-38 (9th Cir. 2013). The court also was not required to expressly find Brown's employees were involved in the scheme. The court satisfied Rule 32 by stating that it adopted the government's position that the enhancement for a leadership role in otherwise extensive criminal activity applied. *See United States v. Doe*, 488 F.3d 1154, 1158-59 (9th Cir. 2007); *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir. 1990).

**AFFIRMED.**